UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-60803 -CIV-SMITH/REID

MANDY G. LEIGH,

    Plaintiff,

v.

ROBERTO MARTIN LEIGH,

    Defendant.

_____/

## OMNIBUS ORDER ON DEFENDANT'S MOTIONS TO QUASH OR FOR PROTECTIVE ORDER

Before the Court are three motions to quash subpoenas served on nonparties. [ECF No. 26, 27, 28]. First, Defendant Roberto Martin Leigh and nonparty Christa Leigh jointly move to quash the subpoena served on Christa Leigh. [ECF No. 26]. Second, Defendant Roberto Martin Leigh has filed two motions to quash, one directed at the subpoena served on nonparty Silvia Leigh and a second one directed at the subpoenas served on nonparties David Solomon and Laura Shaw.[1] [ECF Nos. 27, 28]. Plaintiff Mandy Leigh filed a response to the motions, [ECF No. 31], and the Court heard argument on August 16, 2023. [ECF No. 33]. For the following reasons, Defendant's motions to quash [ECF Nos. 26, 27, 28] are **GRANTED IN PART and DENIED IN PART**.

    **I.**    **Background**

Plaintiff Mandy Leigh brought this action against her brother, Roberto Leigh, for one count of defamation. [ECF No. 1]. Plaintiff alleges Defendant falsely stated to their family members and

---

[1] Defendant's Motion to Quash refers to "Laura Snow," but the subpoena was served on Laura Shaw. *See* [ECF No. 28-2]

1

others that Plaintiff stole or wrongfully appropriated assets from their parents, Silvia and Norman Leigh. [*Id.* ¶ 20(e)]. Plaintiff issued subpoenas requesting the production of certain documents to nonparties, including Silvia Leigh (the parties' mother), Christa Leigh (Defendant's wife), Laura Shaw (the parties' cousin) and David Solomon (Laura Shaw's husband). [ECF Nos. 26-1, 27-1, 28-1, 28-2]. Defendant argues the subpoenas are overbroad and seek irrelevant information. [ECF Nos. 26–28]. Plaintiff argues the subpoenas are proper because they seek communications related to Defendant's defamatory statements. [ECF No. 31].

## II.   Legal Principles

Under Federal Rule of Civil Procedure 26(c), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c)(1). "For good cause, the court may issue an order prohibiting or limiting discovery to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." *Continuum on S. Beach Condo. v. QBE Ins. Corp.*, 338 F.R.D. 668, 669 (S.D. Fla. 2021) (citing Fed. R. Civ. P. 26(c)(1)(A), (D)). Discovery is limited to "nonprivileged matter[s] that [are] relevant to any party's claim or defense and proportional to the needs of the case." Fed R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 45, in turn, provides that, upon a timely motion, "the court for the district where compliance is required must quash or modify a subpoena" that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." Fed. R. Civ. 45(d)(3)(A)(iii)–(iv); *see also Drummond Co., Inc. v. Collingsworth*, No. 14-MC-81189, 2014 WL 12674466 (S.D. Fla. Nov. 21, 2014).

## III.   Discussion

### A.   Subpoena Served upon Christa Leigh

Defendant Roberto Martin Leigh and nonparty Christa Leigh jointly moved to quash the subpoena served upon her. Accordingly, nonparty Christa Leigh has standing under Rule 45 to argue that the subpoena is overly burdensome or harassing. But in any case, Defendant has standing to seek a protective order under Rule 26 if the subpoena seeks irrelevant information. *See Continuum on S. Beach Condo.*, 338 F.R.D. at 670 (*citing Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426 (M.D. Fla. 2005)) ("As a party to this action, Plaintiff has standing to move for a protective order if the subpoenas seek irrelevant information beyond the permissible scope of discovery.")

Having reviewed the subpoena and the Complaint, the Court agrees that requests 1–10 are overbroad, vague, and not relevant to this action. For instance, requests 1-6 are unlikely to lead to the discovery of admissible evidence. Request 2 asks for the production of:

> Any and all COMMUNICATIONS, including but not limited to text messages and emails, between YOU and Silvia Leigh REGARDING or referring to PLAINTIFF, from 2021 to the present.

[ECF No. 26-1 at 4]. Given the relationship between the parties, "all communications" exchanged between Christa Leigh and Silvia Leigh about Plaintiff from 2020 to 2023 could involve multiple communications unrelated to the allegations in the complaint. By failing to include specific search terms, Plaintiff has failed to show how the requests will aid in preparation or presentation of her case. *See United Techs. Corp. v. Mazer*, No. 05-80980-CIV, 2007 WL 788877, at *2 (S.D. Fla. Mar. 14, 2007) ("The request is overbroad and harassing because Plaintiff makes no effort to specify a particular document or type of document that would be responsive to the request."). Requests 1, 3, 4, 5, 6 are nearly identical to request 2, except that they seek communications made between Christa Leigh and other family members. [ECF No. 26-1 at 4]. Accordingly, the Court finds requests 1–6 overbroad.

Requests 7, 8, 9, and 10, in turn, are vague and disproportionate. Request 8 asks for:

> Any and all COMMUNICATIONS, including but not limited to text messages and emails, between YOU and any third-party individual or entity (including but not limited to any law enforcement and/or regulatory agenc(ies)) REGARDING allegations (**made by anyone**) that PLAINTIFF engaged in any unethical and/or illegal conduct RELATED TO any financial assets belonging to Silvia and/or Norman Leigh, from 2021 to the present.

[ECF No. 26-1 at 5] (emphasis added). Plaintiff has failed to define "unethical and/or illegal conduct," burdening nonparty Christa Leigh with determining which conduct Plaintiff deems unethical or illegal. Moreover, the term is not narrowly tailored to the Complaint's allegations that Defendant defamed Plaintiff by stating she stole their parents' assets. Unethical or illegal conduct could encompass all kinds of actions. Finally, Request 8 asks for communications "made by anyone" and not Defendant, the person alleged to have made defamatory statements. To compel nonparty Christa Leigh to produce every responsive document to such a vague and overbroad request "would be unreasonable and disproportionate under the analysis required by Rule 26." *Peterbrooke Franchising of Am., LLC v. Miami Chocolates, LLC*, No. 16-CIV-20417, 2016 WL 8786784, at *1 n.1 (S.D. Fla. Oct. 3, 2016) (explaining subpoena request was disproportionate under Rule 26 because party failed to define "issues in this case"); *Gremillion v. Stantec Consulting Servs. Inc.*, No. 3:23MC13-MCR-HTC, 2023 WL 4417266, at*4 (N.D. Fla. July 5, 2023) (explaining subpoena posed undue burden because party did not define "meetings"). In sum, the Motion is **GRANTED** as to Requests 1-10.

The Court, however, finds requests 11 and 12 are relevant and tailored to the allegations in the Complaint that Defendant defamed Plaintiff by stating she wrongfully appropriated assets:

> 11. Any and all DOCUMENTS, including but not limited to COMMUNICATIONS, REGARDING or reflecting that PLAINTIFF allegedly charged for and/or provided legal services RELATED TO any financial assets belonging to Silvia and/or Norman Leigh, from 2021 to the present

12. Any and all DOCUMENTS, including but not limited to COMMUNICATIONS, REGARDING or reflecting that PLAINTIFF allegedly removed Silvia Leigh's name from any bank account(s), from 2021 to the present.

[ECF No. 26-1 at 5–6]. Unlike requests 1–10, these two ask for communications related to specific topics that may relate to the allegations made. Requests 11 and 12 are more reasonably calculated to lead to admissible evidence. Accordingly, the Motion to Quash is **DENIED** as to these two requests.

### B.  Subpoenas Served upon Silvia Leigh, Laura Shaw, and David Solomon

Next, Defendant moves the court to quash the subpoenas served upon the parties' mother, Silvia Leigh, and their relatives, Laura Shaw and David Solomon. [ECF No. 27]. Like the subpoena served on Defendant's wife, these subpoenas ask for "any and all communications" between the nonparties and several family members regarding the Plaintiff from 2021 to the present. [ECF No. 27-1 ¶ 1–5]. Again, these requests are facially overbroad. *See Peterbrooke Franchising of Am., LLC*, 2016 WL 8786784 at *1 ("No sufficient showing has been made as to why the facts of this case require such broad discovery."). And requests 6 through 8 fail to define the term" unethical and/or illegal conduct." Defendant's motions [ECF No. 27 and 28] are **GRANTED** as to requests 1–8. The two remaining requests in each subpoena, however, mirror requests 11 and 12 of the subpoena served on Christa Leigh, which, as discussed, are connected to the alleged defamatory statements. Defendant's Motions are therefore **DENIED** as to requests 9 and 10.

**DONE AND ORDERED** in Chambers at Miami, Florida this 26th day of September 2023.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:     **All Counsel of Record**